UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:12-cr-00133-SEB-TAB-23 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ROBERT REED | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:12-cr-00133-SEB-TAB |
| ROBERT REED, | ) ) | -23 |
| Defendant. | ) ) | |

**ORDER**

Defendant Robert Reed seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Reed's motion is **denied**.

**I. Background**

In 2014, Mr. Reed pled guilty to one count of conspiracy to possess with intent to distribute and/or distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkt. 1029. According to the presentence investigation report, while he was an inmate in the Indiana Department of Correction, Mr. Reed was a leader and organizer of a large-scale heroin trafficking operation. Dkt. 996. The Court sentenced Mr. Reed to 180 months of imprisonment, which was later reduced to 130 months of imprisonment. Dkts. 1029, 1681. The Court also imposed 8 years of supervised release.

Mr. Reed initially filed his motion for compassionate release pro se. Dkt. 2024. The Court appointed counsel, dkt. 2028, but counsel withdrew before filing any substantive submissions on Mr. Reed's behalf, dkts. 2049, 2052. The Court ordered Mr. Reed to supplement his motion pro se, dkt. 2053, and he complied, dkt. 2062. In his submissions, Mr. Reed argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (hypertension and severe obesity). Dkts. 2024, 2062. Mr. Reed further argues that his family needs his help and that he has

substantially rehabilitated himself while in prison. The Court has concluded that it can resolve the motion without a response from the United States.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Reed's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical condition—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Reed is fully vaccinated and boosted, dkt. 2062 at 1, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Reed "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically,

3

he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). Further, as of September 16, 2022, the BOP reports that only 1 inmate and 2 staff members at FCI Terre Haute have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited Sept. 19, 2022). For these reasons, Mr. Reed has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. Reed's desire to be released so he can help his daughter to care for his terminally ill granddaughter is also not an extraordinary and compelling reason to grant him release, alone or in conjunction with any other reason. While the situation with his granddaughter is heartbreaking, and it is admirable that Mr. Reed would like to be there for his family in their time of need, this is not a situation where there is no other available caregiver. Mr. Reed acknowledges that his daughter is caring for his granddaughter full-time. Understandably, Mr. Reed would like to help ease the burden on his daughter by helping with his granddaughter's care, but this is not an extraordinary and compelling reason to grant him release, either standing alone or in combination with any other reasons.

That leaves Mr. Reed with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Reed has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his mandatory minimum sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate

sentencing scheme."). The Court does not find that Mr. Reed's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling to grant him compassionate release.

Given the determination that Mr. Reed has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Reed's motion for compassionate release, dkt. [2024], is **denied.**

**IT IS SO ORDERED.**

Date: 9/23/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Robert Reed
Reg. No. 10957-028
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808